### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Broughton Earnest | : |
| 20375 Hog Island Road | : |
| Preston, Maryland 21655 | : |
| Caroline County, Maryland | : |
|  | : |
| Plaintiff | : |
|  | : |
| v. | : Civil Action No.: |
|  | : |
| Ravin Crossbows, LLC d/b/a Ravin Crossbows | : |
| 3535 Tower Avenue | : |
| Superior, Wisconsin 54880 | : |
|  | : |
|  | : JURY TRIAL DEMANDED |
| Velocity Outdoor, Inc. | : |
| 7629 State 5 and 20 | : |
| Bloomfield, New York 14469 | : |
|  | : |
| Crosman Corporation | : |
| 3535 Tower Avenue | : |
| Superior, Wisconsin 54880 | : |
|  | : |
| and | : |
|  | : |
| BPS Direct, LLC d/b/a Bass Pro Shops | : |
| 2500 E. Kearney Street | : |
| Springfield, Missouri 65898 | : |
|  | : |
| Defendants | : |

### COMPLAINT

1. This action seeks damages resulting from a crossbow misfire incident occurring on November 15, 2020 wherein Plaintiff Broughton Earnest was injured.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is a diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. At all times material to this Complaint and the causes of action stated herein, Defendants have had contacts within the State of Maryland sufficient to establish personal jurisdiction over them pursuant to MD Cts & Jud Pro Code § 6-103.

4. Venue is proper in this district pursuant to 28 U.S.C, § 1391(a)(b) & (c) because the underlying incident occurred within the district thereby subjecting Defendants to personal jurisdiction within the district.

## PARTIES

5. The Plaintiff, Broughton Earnest, is an adult individual who is a citizen of the State of Maryland residing at 20375 Hog Island Road, Preston, Maryland 21655.

6. Defendant Ravin Crossbows, LLC d/b/a Ravin Crossbows is a Wisconsin entity with a principal place of business located 3535 Tower Avenue, Superior, Wisconsin 54880.

7. Defendant Velocity Outdoor, Inc. is a New York entity with a principal place of business located at 7629 State 5 and 20, Bloomfield, New York 14469.

8. Defendant Crosman Corporation is a Delaware entity with a principal place of business located 3535 Tower Avenue, Superior, Wisconsin 54880.

9. Defendant BPS Direct, LLC d/b/a Bass Pro Shops is a Delaware entity with a principal place of business located 2500 E. Kearney Street, Springfield, Missouri 65898.

## FACTS

10. At all times material hereto, Defendants acted and/or failed to act by and through their agents, servants, work persons and/or employees acting within the course and scope of their employment.

11. Prior to the date of the herein described incident, Defendants placed into the stream of commerce a Ravin Rl5 Crossbow with serial number 100970.

12. On or about November 15, 2020, Plaintiff was at his property using the crossbow with a recommended bolt and orange nock when the crossbow did not fire after turning the safety off and pulling the trigger. Plaintiff then moved the safety back to the "on" position and while attempting to reload the bolt, the crossbow discharged without a simultaneous pulling of the trigger thereby injuring Plaintiff's right hand.

13. The subject crossbow, bolt and nock were designed, manufactured, assembled, distributed and/or sold by Defendants.

14. By reason of the aforesaid and as a direct result thereof, the Plaintiff has incurred medical expenses for the treatment of said injuries and may incur additional medical expenses in the future.

15. By reason of the aforesaid and as a direct result thereof, the Plaintiff has been unable and/or limited in performing customary, daily physical activities, all of which may be of great financial damage and loss.

16. By reason of the aforesaid and as a direct result thereof, the Plaintiff has suffered physical pain, mental anguish, disfigurement, loss of life's pleasures and humiliation, and may continue to suffer same for an indefinite period of time into the future.

17. At all times material hereto, Plaintiff was using said crossbow, bolt and nock in a safe, foreseeable and intended manner.

Count 1
Plaintiff v. Defendants
<u>Negligence</u>

18. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

19. Sometime prior to November 15, 2020, Defendants designed, manufactured,

marketed, sold and/or supplied and/or are a successor in interest and/or asset acquisitioner of those that did, and placed into the stream of commerce the herein described crossbow, bolt and nock.

20. Further, and at all times material hereto, Defendants carried on a continuous and systematic part of their businesses within the State of Maryland and are otherwise subject to the jurisdiction of this District Court.

21. Prior to November 15, 2020, Defendants knew that the crossbow, bolt and nock in question along with other similar crossbows, bolts and nocks were defective and injuring numerous users in a manner similar to Plaintiff's.

22. Defendants know that their crossbows fire without a simultaneous pulling of the trigger and with the safety in what appears to be the "on" position.

23. The negligence, carelessness and recklessness of Defendants in designing, manufacturing, marketing, selling, and/or supplying the crossbow, bolt and nock in question along with similar crossbows, bolts and nocks has led to numerous users such as Plaintiff being injured.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and/or severally, for damages in excess of $75,000, together with interest and costs of suit.

Count 2
Plaintiff v. Defendants
Strict Liability

24. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

25. The said crossbow, bolt and nock were in defective conditions at the time they left the possession and control of Defendants and were not substantially changed prior to the time of

Plaintiff's injuries.

26. The defects or defective conditions of said crossbow, bolt and nock were the cause of or a substantial factor in causing Plaintiff's injuries.

27. Defendants are strictly liable to the Plaintiff pursuant to § 402A of the Restatement (Second) of Torts and the strict liability laws of the State of Maryland.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and/or severally, for damages, together with interest and costs of suit.

Count 3
Plaintiff v. Defendants
<u>Breach of Warranty</u>

28. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

29. Defendants breached contracts consisting of selling and supplying defective and dangerous products.

30. Plaintiff's injuries were caused by the Defendants' breaches of their contracts and their expressed and implied warranties.

31. Defendants' breaches of their warranties consisted of selling defective and dangerous products that were unmerchantable and unfit for the ordinary purpose for which it was intended.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and/or severally, for damages in excess of $75,000, together with interest and costs of suit.

4877-6507-1754, v. 1

Count 4
Plaintiffs v. Ravin Crossbows, LLC d/b/a Ravin Crossbows,
Velocity Outdoor, Inc. and Crosman Corporation
<u>Punitive Damages</u>

32. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

33. The actions of Defendants Ravin Crossbows, LLC d/b/a Ravin Crossbows, Velocity Outdoor, Inc. and Crosman Corporation previously described herein were deliberate acts and/or omissions which were performed with the knowledge that there was a high degree of probability of harm and/or with reckless indifference to the consequences to others including Plaintiff.

34. In addition, shortly after the initial placement of R15 crossbows into the stream of commerce in 2018, Defendants began receiving complaints that the R15 crossbows along with the similar R9 models were frequently misfiring and causing severe injuries to users. Defendants provided notice to their customers that the white nocks initially sold with crossbows should no longer be used, and that they should be replaced with redesigned orange nocks. However, the orange nocks did not stop the crossbows from misfiring.

35. Further, shortly after the initial placement of R15 crossbows into the stream of commerce in 2018, Defendants became aware that the safety mechanism installed on the crossbows to prevent a bowstring discharge when engaged, did not function properly, and allowed a bowstring discharge to occur while the safety was in the "on" position. However, Defendants failed to notify their customers that the safety mechanism was defective.

36. As a result, Plaintiff is entitled to an award of punitive damages.

37. All of the harm and damages suffered by Plaintiff were reasonably foreseeable and proximately caused by the deliberate, reckless, negligent and/or careless conduct of said Defendants, which led to the misfire and injuries described herein.

4877-6507-1754, v. 1

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and/or severally, for damages in excess of $75,000, together with interest and costs of suit.

## JURY DEMAND

Plaintiff demands trial by jury of all matters set forth herein.

Date:  October 23, 2023               Respectfully submitted,

*/s/ James P. Ulwick*
James P. Ulwick (Federal Bar No. 00536)
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030
(410) 539-1269
julwick@kg-law.com


**MONACO LAW PC**
Joseph Monaco
*(pro hac vice forthcoming)*
Attorney I.D. No. 56123
2401 Pennsylvania Avenue
Suite 1A5
Philadelphia, PA 19130
888-992-3166
jmonaco@monacolawpc.com

*Counsel for Plaintiff Broughton Earnest*

## VERIFICATION

I hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties relating to unsworn falsification to authorities.

_____
Broughton Earnest